UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, ADRIAN PAZ, TOM EVANS, and DONNY RAY PEGRAM,<br><br>                    Defendants. | Case No. 1:23-cv-00571-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Federico Paz was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3-2, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition, the Prison Litigation Reform Act of 1995 (PLRA) introduced the "three strikes" provision to address the growing trend of frivolous civil rights actions filed by prison inmates. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996). This provision prohibits a prisoner from filing lawsuits or appeals in forma pauperis if he previously filed three

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the full filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action, he brought at least three civil actions that were dismissed as frivolous, as malicious, or for failure to state a claim:

- Case 1:20-cv-000313-BLW, Paz v. Ramirez, et al., Dkt. 18, dismissed on October 13, 2020 ("Case 313")

- Case 1:21-cv-00202-DCN, *Paz v. Ramirez, et al*., Dkt. 11, dismissed on September 1, 2021 ("Case 202"); and

- Case 1:21-cv-00210-DCN, Paz v. State of Idaho, Dkt. 16, dismissed on September 1, 2021 ("Case 210").

## REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

(2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### 2. Factual Allegations

Plaintiff makes no allegations against named Defendants Adrian Paz, Tom Evans, and Donny Ray Pegram, but instead alleges that "Judge David C. Nye has told Petitioner that he cannot file any more civil rights complaints because they are litterly frivolous, similar or have no basis in fact." Dkt. 3-2, p. 4 (verbatim). Plaintiff cites a variety of state rules and federal statutes, but has not alleged any particular facts other than that he is not permitted to file any more civil rights actions. Plaintiff concludes: "Judge David C. Nye Orders against Petitioner have been abysmal and absurd and abstruse to the naked eye and is abhorrence and detestable quality Judge Nye should abjure his possition." *Id.*, p. 5 (verbatim).

Plaintiff has captioned his pleading "Complaint under Federal Rule 3, Assault and Sexual Abuse." Dkt. 3-2, p. 1. There are no factual allegations suggesting that Plaintiff is being assaulted or sexually abused by any named Defendant or anyone else.

### 3. Discussion: Sovereign Immunity

As to named Defendant "State of Idaho," the Eleventh Amendment provides sovereign immunity to states and state entities. That means the state of Idaho cannot be sued in federal court except in two instances: (1) where the state of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

No exception applies here. The state of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not proceed against the State of Idaho.

### 4.  Discussion: Judicial Immunity

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party or

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

that a judge conspired with one party to predetermine the outcome of a judicial proceeding, to the detriment of the other party. *See id*. at 1078.

In addition, "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

While Judge Nye is not a named defendant, it is clear that Plaintiff complains only of acts Judge Nye has performed in the exercise of his judicial functions in screening and otherwise adjudicating Plaintiff's cases.

Based upon all of the foregoing, it is clear that Judge Nye is entitled to absolute judicial immunity from Plaintiff's cause of action. Therefore, it would be futile to permit Plaintiff to amend his Complaint to name Judge Nye as a defendant.

5. **Named Individual Defendants and Futile Amendment**

Plaintiff has stated no facts against Defendants Adrian Paz, Tom Evans, and Donny Ray Pegram. The Court concludes that Plaintiff's claims cannot be saved by amendment, even if he attempted to state additional factual allegations against the named Defendants, because he has previously made allegations against them that did not state a claim. *See*, e.g., Case 202 (Pegram), Case 210 (Evans), and Case 202 (Adrian Paz, Petitioner's brother). Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Here, the Court concludes that amendment in this case would be futile and a waste of judicial resources, because Plaintiff's current allegations do not state a claim upon which he can proceed, and because his similar complaints against these and other defendants are frivolous and fanciful and fail to state a claim. For the same reason, it is unnecessary to invoke the three strikes prohibition against Plaintiff, because even if he could pay the filing fee, he will not be able to state a claim.

For example, Plaintiff's past federal civil rights complaints are filled with fanciful allegations about harm, for example, *see* Case 1:23-cv-00448-AKB, *Paz v. State of Idaho*, Dkt. 12, dismissed on January 24, 2024 ("Case 448"), where Judge Amanda Brailsford determined that similar allegations were frivolous and failed to state a claim:

> Plaintiff brings a "Federal, Wrongful Death Suit and Assault" Complaint. (Dkt. 3, p. 1). It is unclear whether he is seeking a remedy for his own wrongful death (though he was later revived) (*Id.*, p. 8), or for the wrongful death of "a Mexican lady parolee from the women[']s prison in Salem [who] came to the adjacent private college to work as a cook." (*Id.*, p. 6).
>
> In Plaintiff's Affidavit in support of his Complaint, he alleges: "In the summer of 1982 Adrian Paz took me to OSP [Oregon State Prison] upon my release where OSP parolee of Eugene beat me to death. ISCI Rec Off Lori injected me with brain cell reviving me." (*Id.*, p. 8).
>
> He also declares that, after the parolee went to the college, "Sue from Eugene was sent by Bill of U of O in Eugene to over power her and she eventually killed her after injecting herself with steroids because I had kicked a Black inmate at the nearby release center." (*Id.*, p. 6).
>
> Further, Plaintiff alleges, that, "in the winter of 1982 one evening I noticed former OSCI Sgt. McQuigan in Unit 2 pulling out the intestings [sic] and stomach out with his right hand through her anus and making her drag herself while eating her intestining [sic] making sounds under the watchful eyes of inmate Max Montano of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

>     Hillsboro, Roberto Corona of Nyssa, Richardo Salinas of Hermeston [sic], and Michael Parkhurt of Twin Falls, Idaho. Max said, "He has been doing it for a year now." McQuigan said, "It was ordered by El Señior [sic] Gustavo Garcia of Pharr, Texas. My God and your God." (*Id.*, p. 7).

Dkt. 12, pp. 2-3, in Case 448.

Thus, the Court concludes that captioning the complaint here as one that addresses "assault and sexual abuse"—without any allegations of physical harm whatsoever—does nothing to show that Plaintiff should be permitted to amend his Complaint to meet the "imminent danger" exception of § 1915(g) or to attempt to state a claim.

The Court clarifies for Plaintiff that, if he has an allegation of current risk of harm and has stated the same allegations to prison officials through the prison grievance system (including a grievance appeal), and prison officials do nothing to solve the situation, he may file a civil lawsuit and attempt to state a claim that he is under imminent danger of serious physical injury. The Court screens each Complaint Plaintiff files, and at times orders Defendants to produce a Martinez report to fill in facts in possession of prison officials, to ensure that Plaintiff's constitutional rights are protected, even if he has difficult articulating his claims.

Neither Judge Nye, nor Judge Brailsford, nor this Court has ordered that Plaintiff is not permitted to file civil rights lawsuits. Plaintiff must, however, meet the § 1915(g) standard.

Accordingly, this entire case is subject to dismissal.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 3) is DISMISSED.

2. Plaintiff's Motion for Writ of Attachment of Exhibits (Dkt. 4) is DENIED.

3. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED.

DATED: May 16, 2024

B. Lynn Winmill
U.S. District Court Judge